UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Leo McClam, | ) | C/A No. 3:08-1081-TLW-JRM |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Mr. Mathew NLN et al; Ms. Linda NLN; Mr. Walton NLN; CCC Officer Mr. NFN Gant; CCC Officer Mr. NFN Quailen, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

This case is before the Court because of Plaintiff's failure to comply with the undersigned's Order of April 22, 2008 (Order) (Docket Entry # 6), and because of Plaintiff's failure to prosecute this case in a timely manner. This case was filed *pro se* on March 31, 2008, by Plaintiff, who is a patient of the South Carolina Department of Mental Health involuntarily committed to treatment as a Sexually Violent Predator. Following initial review, the Order was issued directing Plaintiff to submit certain documents required to bring this case into proper form for consideration of whether service of process should be authorized. Specifically, Plaintiff was ordered to complete necessary service documents (a summons and Forms USM 285), *pro se* party's answers to Rule 26.01 interrogatories, and an application to proceed without prepayment of fees and affidavits (Form AO 240).

In the Order, Plaintiff was specifically informed: "**If the plaintiff does not bring this case into proper form within the time permitted under this Order, this case may be dismissed for failure to prosecute and failure to comply with an order of this Court under Rule 41 of the Federal Rules of Civil Procedure.**" (Docket Entry # 6.) The Order was mailed to Plaintiff on April 23, 2008, and the deadline set for Plaintiff's compliance was May 15, 2008. The mail in which

the Order was sent was not returned undelivered, thus it is presumed that Plaintiff received his copy of the Order.  However, the deadline for compliance has lapsed, with no response from Plaintiff. Plaintiff has failed to provide the necessary service documents (summons and Forms USM-285), pro se party's answers to Rule 26. 01 interrogatories, and an application to proceed without prepayment of fees and affidavits (Form AO 240).   Applying the four-factor test of *Davis v. Williams* , 588 F.2d 69, 70 (4th Cir. 1978) to the circumstances of this case, the unexplained failure of Plaintiff to respond to the Court's Order in this case indicates an intent on Plaintiff's part not to prosecute this case.

Even though Plaintiff failed to file an application to proceed without prepayment of fees and affidavits (Form AO 240), at his initial filing, Plaintiff did submit a Statement of Assets, a form previously used in this District by prisoner filers requesting to proceed with their cases without prepayment of the filing fee.  This Court has construed the Statement of Assets form to be a Motion to Proceed Without Prepayment of Fees (*in forma pauperis*) (Docket Entry # 2) and granted the motion by separate order.

## RECOMMENDATION

Accordingly, it is recommended that this case be dismissed *without prejudice* due to Plaintiff's failure to comply with this Court's Order and failure to prosecute this case.  *See* Fed. R. Civ. P. 41(b) (district courts may dismiss an action if a Plaintiff fails to comply with "any order of the court.")

s/Joseph R. McCrorey  
United States Magistrate Judge

June 3 , 2008  
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the following page.*
**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).